UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT WESLEY HUMPHREYS,<br><br>            Plaintiff,<br>     v.<br><br>RON HAYNES, et al.,<br><br>            Defendants. | Case No. 3:21-cv-05637-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for February 11, 2022 |

This matter is before the Court on plaintiff's filing of an amended complaint (Dkt. 8) pursuant to the Court's order that he do so (Dkt. 7). Plaintiff is proceeding *pro se* and in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons discussed below, plaintiff's amended complaint remains fatally deficient, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted. The Court also recommends that plaintiff's motion for leave to proceed *in form pauperis* (Dkt. 5) be denied as moot.

## BACKGROUND

Plaintiff filed his proposed complaint in this matter on August 31, 2021. Dkt. 1. He subsequently filed a virtually identical "amended" complaint. Dkt. 4. The Court screened the complaint and found it deficient. Dkt. 7. The Court noted that although the complaint

REPORT AND RECOMMENDATION - 1

appeared to reflect concerns about deductions made to plaintiff's prison trust account, plaintiff had failed to meet any of the legal requirements for stating a claim:

> [P]laintiff does not identify any defendant who allegedly violated his rights, how his rights were violated, or how he was injured. The complaint names as defendants five individual employees of the Washington State Department of Corrections and "Grays Harbor" but makes no factual allegations identifying any act or omission by any of the named defendants that violated his constitutional rights. Dkt. 1. While attachments may serve as evidentiary exhibits in support of Plaintiff's allegations, they are not a substitute for a well-pled complaint.

Dkt. 7 at 3.

The Court ordered plaintiff to file an amended complaint complying with the requirements of Fed. R. Civ. P. 8 that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each allegation be "simple, concise, and direct." *Id.* (quoting Fed. R. Civ. P. 8(a), (d)). The Court specifically required the amended complaint to state:

> (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

Dkt. 7 at 3–4.

Plaintiff has filed an amended complaint but has failed to comply with the Court's order. Dkt. 8. The amended complaint names the same individual defendants as the original complaint—but removes "Grays Harbor" and add several offices within SCCC (the commissary, mailroom, business services office and kitchen) as well as its "Medical Principle" and one additional individual, Sgt. Larson. Dkt. 8 at 1. In Count 1 (the only count in the complaint), petitioner states that each of these individuals or entities has violated some combination of his First, Fourth, Fifth or Eighth Amendment rights, but—

REPORT AND RECOMMENDATION - 2

as in his original complaint—plaintiff alleges no facts explaining what any defendant did, how any defendant violated the enumerated rights, or what injury plaintiff suffered as a result of each defendant's conduct.

As with the original complaint, the amended complaint also attaches without explanation a number of documents. The attachments include a medical kite seeking prescription refills, complaints pertaining to SCCC's handling of the COVID-19 pandemic, and a positive COVID-19 test result. Dkt. 4 at 11–20. Finally, plaintiff includes a one-page document that appears to request the Court to conduct "judicial oversight" and "further investigations" regarding his medical kites. Dkt. 4-1.

## DISCUSSION

A.   Legal Standard

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her

complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

Moreover, the court need not grant endless amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Ibeabuchi v. Penzone*, 744 F. App'x. 448, 449 (9th Cir. 2018) (no abuse of discretion in denying prisoner plaintiff further leave to amend, because prisoner failed to cure previously identified deficiencies despite the opportunity to do so).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

B.  Plaintiff's Amended Complaint

Plaintiff's amended complaint does not cure any of the deficiencies identified in the Court's prior order and fails to state a claim upon which relief can be granted.

1.  Personal Participation

Despite the Court's previous admonition that plaintiff must allege facts identifying what each defendant did to violate his rights, how his rights were violated and how he was injured, plaintiff has failed to do so. The amended complaint alleges no facts and makes no allegations about any act or omission by any of the defendants. Instead, plaintiff simply lists a variety of individuals and entities, and states only that they have violated various constitutional rights.

As plaintiff has previously been instructed, such sweeping conclusory allegations are not sufficient to state a claim. *Leer*, 844 F.2d at 633. *See also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-557 (2007) (plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). The amended complaint lacks any allegations supporting the personal

1 participation of any defendant in a violation of plaintiff's rights, and therefore fails to
2 state a claim upon which relief can be granted.
3   Plaintiff also continues to attach documents instead of pleading facts. The
4 attachments likewise do not establish the personal participation of any defendant in a
5 violation of plaintiff's rights. Moreover, the attachments are not sufficient in themselves
6 to state any claim. The Court previously instructed plaintiff that while attachments can
7 serve as evidence in support of allegations, they cannot substitute for a complaint
8 complying with Fed. R. Civ. P. 8. Dkt. 7 at 3. *See, e.g., Mowrey v. Rumsfeld*, No.
9 1:07CV0155 AWIDLB, 2007 WL 567276, at *2 (E.D. Cal. Feb. 21, 2007) ("Plaintiff's
10 actual complaint fails to comply with Rule 8 because it does not contain any facts to
11 support or explain any of her causes of action. While attachments and exhibits can aid
12 the Court in analyzing a complaint, they cannot substitute for a properly pled complaint
13 or provide the only explanation of the alleged claims.").
14   2.   Improper Parties
15   In addition, several of the defendants named in the amended complaint are not
16 proper parties in a Section 1983 action.
17   First, plaintiff names various subdivisions or offices within SCCC as defendants.
18 Section 1983 applies to the actions of "persons" acting under the color of state law. A
19 prison, as a subdivision of the state, is not a "person" against whom a Section 1983
20 claim may be brought. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71
21 (1989). Therefore, neither SCCC nor any of its departments can be sued under Section
22 1983.
23   In addition, several of the defendants appear to be named in their supervisory
24 capacities. *See* Dkt. 8 at 1, 3 (naming SCCC Superintendent Ron Haynes and
25

REPORT AND RECOMMENDATION - 6

Department of Corrections Assistant Secretaries Robert Herzog and Danielle Armbruster). Supervisors cannot be sued for the actions of their subordinates and may only be held liable if they personally participated in a violation or knew of and failed to prevent a violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The amended complaint does not allege any such participation.

C.      Leave to Amend

The Court recommends that plaintiff not be provided another opportunity to amend. The Court has explained the deficiencies in the complaint and provided plaintiff an opportunity to correct them. Dkt. 7. But plaintiff's amended complaint makes no attempt to do so. Notwithstanding the Court's specific instruction, plaintiff has failed to allege any facts to show defendants are liable under §1983. It therefore appears that plaintiff is unable to overcome the deficiencies of his complaint by amendment.

Accordingly, plaintiff should not be given additional leave to amend and his complaint should be dismissed without prejudice. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted).

## CONCLUSION

Plaintiff has already been granted the opportunity to state a viable constitutional claim by filing an amended complaint, but the amended complaint remains fatally

REPORT AND RECOMMENDATION - 7

defective. This case should therefore be dismissed without prejudice for failure to state a claim under 42 U.S.C. § 1983. The Court further recommends that plaintiff's IFP application (Dkt. 5) be denied as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **February 11, 2022**, as noted in the caption.

Dated this 24th day of January, 2022.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8